Edward SMITH, Leon S. Moore, Nathaniel Cooper

v.

Larry MEACHUM, Victor Liburdi, Dennis Guay, Pat Calcinari, Mr. Pannone.

No. 591CV00260.

United States District Court,
D. Connecticut.

May 21, 1991.

Edward Smith, pro se.

Leon Moore, pro se.

Nathaniel Cooper, pro se.

## MEMORANDUM OF DECISION

EGINTON, District Judge.

The plaintiffs are inmates at the Community Correctional Center in Cheshire, Connecticut. They bring this action *pro se* and

*in forma pauperis* pursuant to 42 U.S.C. § 1983. Plaintiffs' entire claim consists of the following statements: "denial of excess [sic] to the courts"; "denial of civil rights"; "denial of proper health and safety care"; and, "racial prejudice." For relief, plaintiffs ask the court to accept this action, grant injunctive relief, and permit them to amend the complaint. For the reasons set forth below, this complaint is dismissed.

■ In order to state a claim for relief under § 1983 of the Civil Rights Act, a plaintiff must allege that a person, acting under color of state law, deprived him of a constitutionally or federally protected right. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 930, 102 S.Ct. 2744, 2750, 73 L.Ed.2d 482 (1982); *Washington v. James,* 782 F.2d 1134, 1138 (2d Cir.1986). On its face, this complaint fails to allege the violation of a protected right. Only when liberally construed do plaintiffs' allegations implicate rights of access to the courts and adequate medical care and protection. However, in its present form, the complaint consists of only a list of conclusory statements which by themselves, fail to state a claim upon which relief can be granted.

"It is well settled in this circuit that a complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a court could find a violation of the Civil Rights Acts, fails to state a claim under Rule 12(b)(6)." *Martin v. New York State Dept. of Mental Hygiene,* 588 F.2d 371, 372 (2d Cir.1978). "[C]omplaints relying on civil rights statutes are insufficient unless they contain some specific allegation of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987). Plaintiffs' complaint is devoid of facts suggesting that they are entitled to relief.

■ Moreover, plaintiffs must demonstrate the defendants' direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation. *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir.1977), *cert. denied,* 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978). Without direct participation, plaintiffs must show that defendants failed to remedy a wrong after learning of the violation; created an unconstitutional policy or allowed such to continue; or acted with gross negligence in managing the subordinates who caused the wrong. *Williams v. Smith,* 781 F.2d 319, 323–24 (2d Cir. 1986). Plaintiffs' complaint does not allege that defendants were directly involved or liable in their supervisory capacities for the alleged constitutional violations.

Accordingly, this complaint is DISMISSED without prejudice for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). It is certified that any appeal *in forma pauperis* from this order would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a). Because plaintiffs make an adequate demonstration of poverty, the request to docket this complaint without prepayment of the filing fees is GRANTED.

SO ORDERED.